IN THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF FLORIDA

01-14019

CASE NO. _____ MAGISTRATE JUDGE
MOORE                          LYNCH

8 U.S.C. 1324
18 U.S.C. 2
18 U.S.C. 241

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

RAMIRO RAMOS,
  a/k/a "EL CHAGAN"
  or "EL DIABLO,"
    and
JUAN RAMOS,
  a/k/a "NENO"
  or "NINO,"
  d/b/a "R&A HARVESTING,"

          Defendants.
_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

1.  At all times relevant to this Indictment, defendants RAMIRO RAMOS and JUAN RAMOS (collectively, the "RAMOS BROTHERS") operated a fruit harvesting business in Lake Placid, Florida known as "R&A HARVESTING" (hereinafter, "R&A").  RAMIRO RAMOS and JUAN RAMOS are officer and agent, respectively, of R&A.  R&A is in the business of recruiting and providing farm laborers to fruit growers in the State of Florida.

2.   JLM, AMG, JCV, and JMP are citizens of Mexico who illegally entered the United States in early 2001.  They were transported to Florida not knowing that they were to work for R&A or the RAMOS BROTHERS.  Upon their arrival in Lake Placid, JLM, AMG, JCV, and JMP along with other workers, were told by JUAN RAMOS that they each owed $1000, and that they were not free to leave the RAMOS BROTHERS' employment until they had repaid the debt.

3.   Defendants RAMIRO RAMOS and JUAN RAMOS housed the farm laborers working in their employ.  One of the housing units controlled by the RAMOS BROTHERS consists of three adjoining structures and is located at the intersection of U.S. 27 and Le Club Drive in Lake Placid, Florida.  JLM, AMG, JCV, and JMP lived at this housing unit.

4.   During the time period relevant to this Indictment, defendants RAMIRO RAMOS and JUAN RAMOS held the workers in service through a climate of fear, the use of threats of force, and by maintaining surveillance over JLM, AMG, JCV, and JMP along with other workers, to compel their continued service, threatening harm to the workers if they tried to leave without paying their debts.

## COUNT ONE

(Aiding and Abetting One Another to Harbor Certain Aliens)

5.    The  Introductory  Allegations  of  this  Indictment  are hereby realleged and incorporated by reference as though fully set forth herein.

6.    Beginning from on or about March 1, 2001, and continuing through on or about April 14, 2001, in Highlands County, within the Southern District of Florida and elsewhere, defendants

RAMIRO RAMOS<br>
and<br>
JUAN RAMOS,

and others known and unknown to the Grand Jury, alone and aiding and abetting one another, knowingly or in reckless disregard of the fact that migrant farm laborers JLM, AMG, JCV, and JMP had come to, entered,  and  remained  in  the  United  States  in  violation  of  law, concealed,  harbored,  and  shielded  these  people  from  detection  by immigration and other law enforcement authorities, for the purpose of commercial advantage or private financial gain.

All in violation of Title 8, United States Code, Section 1324 and Title 18, United States Code, Section 2.

## COUNT TWO

(Conspiracy Against Rights)

7.    The Introductory Allegations of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

8.    Beginning from on or about March 1, 2001, and continuing to on or about April 14, 2001, in Highlands County, within the Southern District of Florida and elsewhere, defendants

RAMIRO RAMOS
and
JUAN RAMOS,

and others known and unknown to the grand jury, did knowingly and intentionally conspire to injure, oppress, threaten and intimidate persons, that is, JLM, AMG, JCV, and JMP, migrant farm workers, in the State of Florida, in the free exercise and enjoyment of the rights and privileges secured to them by the Constitution and laws of the United States, that is, the right to be free from involuntary servitude as secured by the Thirteenth Amendment of the United States Constitution.

All in violation of Title 18, United States Code, Section 241.

A TRUE BILL

_Doris J. Kent_
Foreperson

_Robert H. Waters_
GUY A. LEWIS
UNITED STATES ATTORNEY

WILLIAM YEOMANS
ACTING ASSISTANT
ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

_Robert H. Waters, Jr._
ROBERT H. WATERS, Jr.
ASSISTANT UNITED STATES ATTORNEY

DANIEL VELEZ
TRIAL ATTORNEY
CRIMINAL SECTION
CIVIL RIGHTS DIVISION

ANDREW S. HUANG
TRIAL ATTORNEY
CRIMINAL SECTION
CIVIL RIGHTS DIVISION

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**                    **CASE NO.** _____

v.                                              **CERTIFICATE OF TRIAL ATTORNEY\***

**RAMIRO RAMOS, et al**                         Superseding Case Information

**Court Division:** (Select One)                New Defendant(s)  Yes _____   No _X_
                                                Number of New Defendants    _____
_____  Miami  _____  Key West                Total number of counts      _____
_____  FTL  _____  WPB  ___X___  **FTP**

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No) __Yes__
    List language and/or dialect  __Hispanic__

4.  This case will take __8__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                            (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I | 0 to 5 days | _____ | Petty | _____ |
    | II | 6 to 10 days | __X__ | Minor | _____ |
    | III | 11 to 20 days | _____ | Misdem. | _____ |
    | IV | 21 to 60 days | _____ | Felony | __X__ |
    | V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No) __No__
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) __Yes__
    If yes:
    Magistrate Case No.      __01-52-F.II__
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No) _____No_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No    If yes, was it pending in the Central Region? ___ Yes _X_ No

                                                _____
                                                DANIEL VELEZ
                                                TRIAL ATTORNEY, DEPT. OF JUSTICE
                                                CIVIL RIGHTS SECTION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

No: _____

Defendant's Name:   **RAMIRO RAMOS**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Aiding and Abetting One Another to Harbor Certain Aliens | 8:1324 18:2 | 10 years $250,000 fine |
| 2 | Conspiracy Against Rights | 18:241 | 10 years $250,000 fine |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

No: _____

Defendant's Name:   **JUAN RAMOS**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Aiding and Abetting One Another to Harbor Certain Aliens | 8:1324<br>18:2 | 10 years<br>$250,000 fine |
| 2 | Conspiracy Against Rights | 18:241 | 10 years<br>$250,000 fine |

# ***BOND RECOMMENDATION***

DEFENDANT:       **RAMIRO RAMOS**


$ On Bond          (Surety, Recognizance, Corporate Surety, Cash)
                  (Jail) (On Bond) (Warrant) (Summons)
                  (Marshal's Custody)

_____
DANIEL VELEZ
TRIAL ATTORNEY
Dept. of Justice, Civil Rights Sec.


Last Known Address:        201 Dal Hal Blvd.
                           Lake Placid FL


What Facility:


Agent:                     FBI Special Agent Jeff Serna

# *BOND RECOMMENDATION*

DEFENDANT:      **JUAN RAMOS**

$ _On Bond_        (Surety, Recognizance, Corporate Surety, Cash)
                 (Jail) (On Bond) (Warrant) (Summons)
                 (Marshal's Custody)

_____
DANIEL VELEZ
TRIAL ATTORNEY
Dept. of Justice, Civil Rights Sec.


Last Known Address:      2248 Grape Road Northwest
                        Lake Placid FL 33852


What Facility:


Agent:                  FBI Special Agent Jeff Serna

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-052-FJL

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RAMIRO RAMOS and
JUAN RAMOS,

                Defendants.
_____/

## NOTICE OF APPEARANCE

    COMES NOW the undersigned Trial Attorney and enters his appearance on behalf of the United States of America in the above-captioned cause.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
                Daniel A. Velez
                Trial Attorney
                United States Department of Justice
                601 D Street, N.W.
                Washington, DC   20004
                Telephone: 202-616-2164
                FAX: 202-514-8336

cc:  U. S. Pre-Trial Services
     U. S. Marshals Service

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this

22nd day of May, 2001, as follows:

Joaquin Perez, Esquire
Second Floor
6780 Coral Way
Miami, FL   33155

Nelson Rodriguez, Esquire
Second Floor
6780 Coral Way
Miami, FL   33155

Daniel A. Velez
Trial Attorney

# UNITED STATES DISTRICT COURT

**DISTRICT**
**Southern District of Florida**

| UNITED STATES OF AMERICA | DOCKET NO. | MAGISTRATE CASE NO. |
|---|---|---|
| vs. | | 01-52 -FJL |
| **RAMIRO RAMOS** | | |

**NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED**
**NAME: RAMIRO RAMOS**
**DOB:** 06-07-60 **SSN:** 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
**ADDRESS:** 205 Dal Hall Rd., Lake Placid FL 33852
**HEIGHT:** 5'7" **WEIGHT:** 180 lbs.
**HAIR:** Black & White **EYES:** Brown
**RACE:** Hispanic **SEX:** Male
**CUSTODY:**
**BOOKING NO.**
**AGENCY:** FBI S/A Jeff Serna

WARRANT ISSUED ON THE BASES OF: ☐ Order of Court
_ Indictment ☐ Information **X Complaint**

TO: **U.S. MARSHALS SERVICE OR ANY OTHER AUTHORIZED FEDERAL AGENCY.**

DISTRICT OF ARREST
SDFL

CITY

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

## DESCRIPTION OF CHARGES

### *INVOLUNTARY SERVITUDE*

USM # 62241-004

| IN VIOLATION OF | UNITED STATES CODE TITLE | SECTION |
|---|---|---|
| | 8 | 1324 |

BAIL FIXED BY COURT
No Bond

OTHER CONDITIONS OF RELEASE

ORDERED BY
**FRANK J. LYNCH, JR.**
**UNITED STATES MAGISTRATE JUDGE**

SIGNATURE (JUDGE/U.S. MAGISTRATE)

DATE
5/15/01

CLERK OF COURT
**CLARENCE MADDOX**

(BY) DEPUTY CLERK
Kitty Pfurt Arnold

DATE ISSUED
5/15/01

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED 5/15/01 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED 5/20/01 | Lou Vega, DUSM | |

#0104-0J20-1982-J

#569803

14

United States Judge or Judge of a State Court of Record

| UNITED STATES DISTRICT COURT | DISTRICT **Southern District of Florida** | |
|---|---|---|
| **UNITED STATES OF AMERICA** VS. **JUAN RAMOS** | DOCKET NO. | MAGISTRATE CASE NO. 01-52 -FJL |

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED
**NAME: JUAN RAMOS**
DOB: 10-03-68          SSN: 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
ADDRESS: 248 Grape Road, Lake Placid FL 33852
HEIGHT: 5'8"          WEIGHT: 210 lbs.
HAIR: Black          EYES: Brown
RACE: Hispanic          SEX: Male
CUSTODY:
BOOKING NO.
AGENCY: FBI S/A Jeff Serna

WARRANT ISSUED ON THE BASES OF:          ☐ Order of Court
___ Indictment          ☐ Information          X Complaint

| TO: **U.S. MARSHALS SERVICE OR ANY OTHER AUTHORIZED FEDERAL AGENCY.** | DISTRICT OF ARREST SDFL |
|---|---|
| | CITY |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

DESCRIPTION OF CHARGES

### *INVOLUNTARY SERVITUDE*

*UJM # 54083-004*

| IN VIOLATION OF | UNITED STATES CODE TITLE **8** | SECTION **1324** |
|---|---|---|

BAIL FIXED BY COURT *No Bond* | OTHER CONDITIONS OF RELEASE

| ORDERED BY **FRANK J. LYNCH, JR. UNITED STATES MAGISTRATE JUDGE** | SIGNATURE (JUDGE/U.S. MAGISTRATE) | DATE *5/15/01* |
|---|---|---|
| CLERK OF COURT **CLARENCE MADDOX** | (BY) DEPUTY CLERK *Celetta Ratford Arnold* | DATE ISSUED *5/15/01* |

*Arrested 5/16/01*

RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED *5/17/01* | NAME AND TITLE OF ARRESTING OFFICER *Lou Vega, DUSM* | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED *5/18/01* | | |

*D104 - 0518 - 1980 - J*          *# 56976 2*

·United States Judge or Judge of a State Court of Record

MAG. SE...

**MAY 1 8 2001**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

　　　　　　　　Plaintiff

　　　　v.

Ramos, Ramiro    Defendant

CASE NO.

01-52-F32   *Lynch*

REPORT COMMENCING CRIMINAL ACTION

Complaint   62241-004

TO: CLERK'S OFFICE
　　U.S. DISTRICT COURT

All items indicated are to be completed.  Information not applicable or unknown will be indicated as "N/A".

1.  Date and time of arrest: ___5/18/01_____

2.  Spoken language: ___SPANiSh._____

3.  Offense(s) charged: _Title 8 USC 1324; Title 18 USC 1548+2_

4.  U.S. Citizen _____ YES ☒ NO ____ UNKNOWN

5.  Date of birth: __6/7/60._____

6.  Type of charging document: (Check One)
　　　　☐ INDICTMENT   ☑ COMPLAINT TO BE FILED/ALREADY FILED

　　FBI CASE NO. 57MM-9S354___ CASE NO._____

　　　　DISTRICT: Southern Dist (Where warrant or complaint is filed.)

　　　　☐ BENCH WARRANT FOR FAILURE TO APPEAR

　　　　☐ PROBATION VIOLATION WARRANT

　　　　☐ PAROLE VIOLATION WARRANT

　　　　COPY OF WARRANT LEFT WITH BOOKING OFFICER: ☐ YES ☐ NO

　　　　AMOUNT OF BOND. no Bond

　　　　WHO SET BOND._____

7.  REMARKS: _____

8.  DATE: 5/18/01_____

9.  Jeffrey Serra
　　　　ARRESTING OFFICER

10. AGENCY: FBI

11. 561/46F-GM2
　　　　PHONE NO.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _05 01-52 Lynd_

UNITED STATES OF AMERICA,

v.

Romero (Ramos)

_____

NOTICE OF PERMANENT
APPEARANCE AS COUNSEL
OF RECORD

FILED by _____ D.C.
MAG. SEC.
MAY 18 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. — MIAMI

COMES NOW _Jorge (Perez_____, and files this appearance as counsel for the above named defendant(s). Counsel agrees to represent the defendant(s) for all proceedings arising out of the transaction with which the defendant(s) is/are presently charged in the United States District Court in and for the Southern District of Florida.

Counsel hereby states that this appearance is unconditional and in conformity with the requirements of Local General Rule 16 and the Special Rules Governing the Admission and Practice of Attorneys.

Counsel acknowledges responsibility to advise the defendant(s) of the right of appeal, to file a timely notice of appeal if requested to do so by the defendant(s), and to pursue that appeal unless relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _5/18/01_

Attorney _Jorge (Perez_

Address _6780 Coral Way_

City_Miami_ State_FL_ Zip Code_____

Telephone _(305) 261 4000_

The undersigned defendant(s) hereby consent(s) to the representation of the above counsel.

_____

_____

_____

CASE NUMBER  01-52-LYNCH

INTERPRETER REQUIRED IN CASE

FILED by _____ D.C.
MAG. SEC.

MAY 1 8 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

FOREIGN LANGUAGE    SPANISH

DEFENDANT(S)  RAMIRO RAMOS *and Juan Ramos*

c: COURT INTERPERTER SUPERVISOR

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 01-52-LYNCH

) STATES OF AMERICA

        **Plaintiff,**

**ORDER ON INITIAL APPEARANCE**

Language  SPANISH

Tape No. 01A - 522 - 3022

AUSA  *Arthur Wyatt*

Agent  FBI JEFFREYSERNA

FILED by _____ D.C.
MAG. SEC. _____

MAY 18 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

..AIRO RAMOS

        **Defendant.**

DOB: 6-7-60

Reg# 62241-004

The above-named defendant having been arrested on ___5-18-01___ having appeared fore the cou for initial appearance on ___5-18-01___ and proceedings having een held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **RDERED** as follows:

appeared as permanent/temporary counsel of record.

Address: _____ Telephone: __305-261-40__
Zip Code: _____

2 : appointed as permanent counsel of record.
Address: _____ Telephone: _____
Zip Code: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2001.

4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am  6/4 Ft. Pierce 2001.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or rt (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 2001.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142;

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___ a. Surrender all passports and travel document to the Pretrial Services Office.
___ b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
      other: _____
___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___ d. Maintain or actively seek full time gainful employment.

f 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 01-52-FJL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN RAMOS,
    Defendant.

_____/

ORDER ON INITIAL APPEARANCE

Language  SPANISH

Tape No.  01-29/FJL/507

AUSA  Daniel Velez

Agent  Jeff Serna, FBI

The above-named defendant having been arrested on ___05/17/01___, having appeared before the court for initial appearance on ___05/17/01___, and proceedings having been held in accordance with *F.R.C.P.* 5 or 40(a), it is thereupon ORDERED as follows:

1.  __Nelson Rodriguez, Esquire__  appeared as ~~permanent~~/(temporary) counsel of record.

    Address: ___6780 Coral Way· Miami, FL___

    Zip Code: ___33155___ Telephone: ___305/261-4000___

2.  _____ appointed as permanent counsel of record.

    Address: _____

    Zip Code: _____ Telephone: _____

3.  The defendant shall attempt to retain counsel and shall appear before the court at __9:30a.m.__ on __Monday, May 21__ 20 _01_.

4.  Arraignment/Preliminary/~~Removal~~/~~Identity~~ hearing is set for __Friday, @9:30 a.m. May 25__ 20 _01_.

5.  The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. 3142(d) or (f) because ___
    __Risk of flight and danger to community__.

    A detention hearing, pursuant to 18 U.S.C. 3142(f), is set for __Mon., @9:30 a.m., May 21__ 20 _01_.

6.  The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18: U.S.C. 3142:

    __Temporary detained__

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

____ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

____ b. Report to Pretrial Services as follows: _____ times a week by phone _____ times a week in person; other: _____

____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

____ d. Maintain or actively seek full-time gainful employment.

____ e. Maintain or begin an educational program.

____ f. Avoid all contact with victims of or witnesses to the crimes charged.

____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

____ h. Comply with the following curfew: _____

—1—

SDFM-1
Rev.12/95

___ i.  Comply with the following additional special conditions of this bond: _____

_____

_____

This bond was set:  At Arrest      _____

On Warrant      ___XXXX___

After hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____.

___ If this space is checked, an evidentiary hearing pursuant to *United States v. Nebbia*, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post the bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

DONE AND ORDERED at _Fort Pierce, FL_, this _17th_ day of ___May_____,20_01_.

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
  WHITE to Court file
  BLUE to defendant
  GREEN to Assistant U.S. Attorney
  YELLOW to Counsel
  PINK to U.S. Marshal
  GOLD TO Pretrial Services

SDFM-1
Rev.12/95

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-52 FJL

UNITED STATES OF AMERICA
            Plaintiff,

vs

                                        NOTICE OF TEMPORARY
                                     APPEARANCE AS COUNSEL

_JUAN PAMOS_
            Defendant(s),

      COMES NOW _Nelson Rodriguez_ and files
this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the understanding that the undersigned counsel will fulfill any
obligations imposed by the Court such as preparing and filing
documents necessary to collateralize any personal surety bond which
may be set.

Counsel's Name (Print): _Nelson RODRiguez-VArela_

Counsel's Signature: _____

Counsel's Address: _6780 Coral Way_
_MiAmi Ft_            Zip Code _33155_

Counsel's Telephone: _305/ 261-4000_

tempcsl.not            _FAx (305) 662-8715_            _876739_

## COURT MINUTES — FORT PIERCE

### U.S. MAGISTRATE JUDGE FRANK J. LYNCH, JR.

FORT PIERCE COURTHOUSE: _Courtroom #108_

**SPANISH Interpreter Req'd

DEFT: _JUAN RAMOS (J)_ *present*        CASE NO: _01-52-FJL_

AUSA: ~~Lou DeBaca~~ *Daniel Velez present*   ATTORNEY: _Nelson Rodriguez (temp) present_

AGENT: _Jeff Serna, FBI_ *present*   VIOL: _8:1324 Involuntary servitude_

PROCEEDING: _Initial Appearance_        BOND REC: _PTD_   SET: _____

DISPOSITION: _____

1) Do not violate any law.
2) Appear in court as directed.
3) Surrender and/or do not obtain passports/ travel documents.
4) Rpt to PTS as directed /or_____ x's a week/month by phone; _____ x's a week/month in person.
5) Random urine testing by Pretrial Services. _____Treatment as deemed necessary.
6) Maintain or seek full-time employment.
7) Maintain or begin an educational program.
8) No contact with victims/witnesses.
9) No firearms.
10) Curfew: _____.
11) Travel extended to: _____.
12) _____Halfway House _____
    _____Electronic Monitoring _____

- Deft present w/atty Nelson Rodriguez
- Deft sworn & advised of charges
- Gov't recomm PTD & req 3 days
- Court grants Δ's cnsl
  req for PTD hrng on Monday
  5/21/01 @ 9:30 A.M.
- Court ordered Δ temp detain
  as risk of flight & danger to
  community

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | 5/21/01 | 9:30 A.M. | FJL | FTP |
| PTD/BOND HEARING: | 5/21/01 | 9:30 A.M. | FJL | FTP |
| PRELIM/ARRAIGN OR REMOVAL: | 5/25/01 | 9:30 A.M. | FJL | FTP |
| STATUS CONFERENCE: | | | | |

DATE: 5/17/01        TIME: 9:30 A.M.        TAPE # 01-29-FJL @ 507

**WARRANT FOR ARREST**
AUSA LOU DeBACA

| UNITED STATES DISTRICT COURT | DISTRICT **Southern District of Florida** | |
|---|---|---|
| **UNITED STATES OF AMERICA** vs. **JUAN RAMOS** | DOCKET NO. | MAGISTRATE CASE NO. 01-52 -FJL |

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED
**NAME: JUAN RAMOS**
DOB: 10-03-68    SSN: 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
ADDRESS: 248 Grape Road, Lake Placid FL 33852
HEIGHT: 5'8"    WEIGHT: 210 lbs.
HAIR: Black    EYES: Brown
RACE: Hispanic    SEX: Male
CUSTODY:
BOOKING NO.
AGENCY: FBI S/A Jeff Serna

WARRANT ISSUED ON THE BASES OF:   ☐ Order of Court
__ Indictment   ☐ Information   X Complaint

TO: **U.S. MARSHALS SERVICE OR ANY OTHER AUTHORIZED FEDERAL AGENCY.**
DISTRICT OF ARREST SDFL
CITY

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

DESCRIPTION OF CHARGES

**INVOLUNTARY SERVITUDE**

| IN VIOLATION OF | UNITED STATES CODE TITLE **8** | SECTION **1324** |
|---|---|---|

BAIL FIXED BY COURT No Bond

OTHER CONDITIONS OF RELEASE

ORDERED BY **FRANK J. LYNCH, JR. UNITED STATES MAGISTRATE JUDGE**
SIGNATURE (JUDGE/U.S. MAGISTRATE)
DATE 5/15/01

CLERK OF COURT **CLARENCE MADDOX**
(BY) DEPUTY CLERK
DATE ISSUED 5/15/01

RETURN
This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

United States Judge or Judge of a State Court of Record

WARRANT FOR ARREST
AUSA LOU DeBACA

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| | **DISTRICT**<br>**Southern District of Florida** |

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA*<br><br>VS.<br><br>*RAMIRO RAMOS* | DOCKET NO. | MAGISTRATE CASE NO.<br><br>01-52 -FJL |

**NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED**
**NAME:** RAMIRO RAMOS
**DOB:** 06-07-60          **SSN:** 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
**ADDRESS:** 205 Dal Hall Rd., Lake Placid FL 33852
**HEIGHT:** 5'7"                **WEIGHT:** 180 lbs.
**HAIR:** Black & White      **EYES:** Brown
**RACE:** Hispanic            **SEX:** Male
**CUSTODY:**
**BOOKING NO.**
**AGENCY:** FBI S/A Jeff Serna

| WARRANT ISSUED ON THE BASES OF: | ☐ Order of Court |
|---|---|
| _ Indictment      ☐ Information      X_ **Complaint** | |

| | |
|---|---|
| TO:  **U.S. MARSHALS SERVICE OR**<br>**ANY OTHER AUTHORIZED FEDERAL AGENCY.** | DISTRICT OF ARREST<br>SDFL |
| | CITY |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the nearest available magistrate to answer to the charge(s) listed below.

## DESCRIPTION OF CHARGES

### *INVOLUNTARY SERVITUDE*

| IN VIOLATION OF | UNITED STATES CODE TITLE<br>8 | SECTION<br>1324 |
|---|---|---|

| BAIL FIXED BY COURT<br>*NO BOND* | OTHER CONDITIONS OF RELEASE | |
|---|---|---|
| ORDERED BY<br>**FRANK J. LYNCH, JR.**<br>**UNITED STATES MAGISTRATE JUDGE** | SIGNATURE (JUDGE/U.S. MAGISTRATE) | DATE<br>5/15/01 |
| CLERK OF COURT<br><br>**CLARENCE MADDOX** | (BY) DEPUTY CLERK | DATE ISSUED<br>5/15/01 |

RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

·United States Judge or Judge of a State Court of Record

AO 91 (Rev. 5/85) Criminal Complaint          AUSA Lou DeBaca

# *United States District Court*

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    V.

**RAMIRO RAMOS**

(Male, DOB: 06-07-60)

**JUAN RAMOS**

(Male, DOB: 10-03-68)

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: **01-52-FJL**



       I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about <u>March 1, 2001, to on or about April 14, 2001</u>, in <u>Highlands</u> County, in the <u>Southern</u> District of <u>Florida and elsewhere</u> the defendants,

> alone and aiding and abetting one another, did and attempted to conceal, harbor, and shield individuals; and alone and aiding and abetting one another did knowingly and willfully hold migrant workers, in involuntary servitude for a term,

in violation of Title <u>8</u> United States Code, Section <u>1324</u> ; and Title<u>18</u> , United States Code, Sections <u>1584 and 2</u>.

I further state that I am a <u>Special Agent with the Federal Bureau of Investigation</u>, and that this complaint is based on the following facts:

### *PLEASE SEE ATTACHED AFFIDAVIT.*

Continued on the attached and made a part hereof:     <u>X</u> YES ____ NO

                         Signature of Complainant

                         Jeffery Serna
                         Special Agent
                         Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

<u>May 15, 2001</u>          at    <u>Fort Pierce, Florida</u>
Date                         City and State

FRANK J. LYNCH, Jr.
<u>UNITED STATES MAGISTRATE JUDGE</u>
Name and Title of Judicial Officer         Signature of Judicial Officer

# AFFIDAVIT
## OF
### JEFFERY SERNA
### SPECIAL AGENT
### FEDERAL BUREAU OF INVESTIGATION

I, JEFFERY SERNA, having been duly sworn, state as follows:

I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), currently assigned to the Miami Division, Fort Pierce, Florida Resident Agency. During the course of my official duties, I have had occasion to investigate cases involving migrant farm laborers held against their will. I am currently conducting an investigation of an organization of farm labor contractors collectively known as the "RAMOS BROTHERS". The RAMOS BROTHERS housed and employed undocumented farm laborers of Hispanic origin as citrus pickers working in citrus groves in and around Lake Placid, Florida area.

I have been assisted in my investigation by FBI Special Agent Alex Rivas. SA Rivas has participated in prior investigations of Mexican laborers held against their will. I have also been assisted by SA Craig Fohl who is the assigned Case Agent for the United States Border Patrol. The information related herein is derived from our combined personal knowledge, unless otherwise specifically attributed.

## BACKGROUND

1.    On June 13, 2000, FBI investigation of the RAMOS BROTHERS was initiated, involving allegations of harboring and housing illegal aliens in the Lake Placid, Florida area to work as farm laborers in citrus groves.  It was also alleged that some of the workers owed a smuggling or transportation debt to the RAMOS BROTHERS and that the laborers were held against their will until the debt was paid off.  The investigation focused on two brothers, RAMIRO RAMOS (a.k.a. "El Chagan," "El Diablo," "Ramiro Arsell Ramos," or "Ramiro Arcelo Ramos") and JUAN JOSE RAMOS (a.k.a. "Nino" or "Neno").

2.    The RAMOS BROTHERS operate a fruit harvesting businesses called R & A Harvesting, Inc., (hereinafter R&A), in Lake Placid, Florida.  The partnership records for R&A list RAMIRO RAMOS and JUAN RAMOS as officer and agent of the company, respectively.  R&A recruits and provides farm laborers from Mexico and other Latin American countries to growers in the State of Florida.  The identities and family relationships of the Ramos organization have been verified by Agent Fohl, who has reviewed their INS alien files.

3.    From information obtained from local law enforcement agents, confidential informant(s), and Mexican aliens, a farm laborer housing unit was identified consisting of three structures which is operated by the "Ramos Family" located at the corner of

2

U.S. 27 South and Le Club Drive in Lake Placid, Florida.  Housed in these housing units are illegal aliens being held against their will until they pay off their transportation debt.

## SUMMARY OF INVESTIGATION

4.  During the course of this investigation, a number of victims and witnesses were identified and interviewed by FBI and INS agents.  Four persons in particular, CW1, CW2, CW3 and CW4, provided information regarding their employment as farm laborers employed by the RAMOS BROTHERS.  Interviews of the CWs revealed that the RAMOS BROTHERS are farm labor contractors, d.b.a. R&A Harvesting, Inc.  The RAMOS BROTHERS contract with various growers in the Lake Placid, Florida area to provide farm laborers to harvest fruit in the groves.  The RAMOS BROTHERS also house the workers in housing units operated by the RAMOS BROTHERS.  Most, if not all, of the farm laborers are undocumented aliens from Mexico and other Latin American countries and entered the United States illegally across the Mexico-Arizona border.  These undocumented aliens are subsequently transported from Arizona to the Lake Placid, Florida area to work for the RAMOS BROTHERS.

5.  Based on the interviews of the workers and others, I believe the following facts apply collectively to the majority of CWs:

a.  After illegally crossing the Mexican-American border, the victims were placed in a trailer in Arizona for

3

approximately 8-15 days.   While in the trailer, a "raitero" (a person who transports undocumented workers) named Sergio Morales arranged with the RAMOS BROTHERS to transport the workers in vans to Lake Placid, Florida. The victims did not know where they were going or for whom they would work.   Although the CWs paid others to get them across the border into Arizona, they did not know that they were incurring a debt for this transportation to Lake Placid, Florida.

b.   Days later, upon their arrival in Lake Placid, the victims were told by JUAN RAMOS that a $1000 fee had just been paid to the raitero for each of them, and that they were not free to leave (their employment) until they had repaid the debt.   JUAN RAMOS also told CW2, CW4, and other unidentified workers that other workers had escaped in the past and that if they tried to escape, JUAN RAMOS would find them and beat them.

c.   According to the CWs who worked for RAMIRO RAMOS, RAMIRO RAMOS initially asked the workers for only their names. Then, some days later, RAMIRO RAMOS asked the CWs to provide him with more detailed personal data including the CWs names, ages, dates of birth, place of birth, and addresses.   RAMIRO RAMOS filled out a form (in English) with CW's information which the CWs signed.   RAMIRO RAMOS

4

never asked any of the victims for identification or proper work documentation.

d.  The CWs were transported and placed in a housing unit operated by the RAMOS BROTHERS, located at 2105 U.S. 27 South, Lake Placid, FL. The housing unit located on U.S. 27 South is actually comprised of three separate structures.  The first housing unit consists of two buildings joined by a common roof and a second floor open air walkway with stairs (hereinafter "main housing unit").  The other housing unit next to the main housing unit is an "L" shaped structure which bears the address of 115 Le Club Drive.  Victims were housed in the main housing unit and the "L" shaped structure both of which were filthy and overcrowded.  Inside the main housing unit, each floor was divided into four apartments.  Each apartment area was equipped with bunkbeds and one stove. As a result, farm laborers were living in very close proximity to one another.  Approximately 40 workers were living in the main housing unit and approximately 10 workers were living in the "L" shaped housing unit.  The "L" shaped housing unit housed migrant workers under similar conditions.

e.  When the CWs first arrived at the housing unit, other workers who had been working for the RAMOS BROTHERS for

5

most of the season informed them that the RAMOS BROTHERS would never let the CWs leave until their transportation debts were paid. In addition, the CWs were told that the RAMOS BROTHERS employed people who carried cell phones and watched over them in order to prevent the workers from leaving without paying their transportation debt to the RAMOS BROTHERS.

f.    "El Trujillo" (a.k.a. "Don Trujillo" or "El Chaparro") was one of the men who watched the workers and carried a cell phone for the RAMOS BROTHERS. El Trujillo lived on the second floor of the main housing unit. El Trujillo was referred to as "Orejas" (which means "Ears" or "One who listens" in Spanish).

g.    In addition to El Trujillo, the RAMOS BROTHERS employed other people who drove the workers back and forth from the fields daily. The drivers were known as "Chiveros" (Spanish for "goat driver") and drove tractors known as "Chivos" (Spanish for "goat") in the fields that gathered bins of picked fruit. Some Chiveros had cell phones and were constantly watching over the workers.

h.    Generally, the CWs and the other workers were escorted or were followed by the RAMOS BROTHERS or one of their cell phone holding employees whenever they left the housing unit.

i.   The victims and the other workers worked six and sometimes seven days per week.  Generally, they would rise before sunrise and be transported to the grove in a bus under the control of the RAMOS BROTHERS.  In the groves, the goat driver was equipped with a cell phone, which could be used to facilitate a call to the RAMOS BROTHERS should workers attempt to leave.

j.   CW4 described an incident involving a worker who had injured his leg while being smuggled into the United States.  The injured worker asked RAMIRO RAMOS to be given a reprieve from having to start working right away.  RAMIRO RAMOS reacted by saying he would not pay for this worker's trip.  The worker began working anyway, however, after two days the worker left.  RAMIRO RAMOS put the word out that he would pay good money for information leading to the location of the injured worker.

k.   On or about March 15, 2000, just after CW2 arrived at the compound for the first time, CW2 saw a TV in one of the rooms and asked RAMIRO RAMOS jokingly if all the rooms had TVs.  RAMIRO RAMOS angrily responded in sum and substance, "You have barely just arrived penniless, and yet you are requesting luxuries.  I am going to place you with some real calm young men, and if you say anything to them, they are going to hit you with lead and if they

7

don't do it, I will." CW2 understood this to mean that someone would pull a gun on him.

l.  The victims and other workers were paid on Fridays. Workers assigned to JUAN RAMOS, including CW1, were paid in cash. The cash was put in an envelope that listed various deductions on the outside of the envelope including deductions for rent and Social Security.

m.  RAMIRO RAMOS' workers, including CW2, were paid by R&A Harvesting, Inc., checks which included a pay stub itemizing various deductions. I have examined and reviewed a paycheck stub provided by CW2. The paycheck stub lists deductions for "FICA," "Federal Withholdings," and "Rent" ($30). The stub also displays a Social Security Number.

n.  After the workers received their pay checks, RAMIRO RAMOS would cash the workers' checks at either a store operated by RAMIRO RAMOS, commonly referred to as "La Guadalupana", or at a nearby boutique, Natalie's Boutique also belonging to RAMIRO RAMOS. Once the checks were cashed, RAMIRO RAMOS would take deductions for food and supplies the workers purchased at RAMIRO RAMOS' store. There were paydays when RAMIRO RAMOS withheld a substantial amount of money from the CW's and other

workers' earnings, leaving them with as little as $15 to $30.

o. According to some of the CWs employed by the RAMOS BROTHERS, the terms of repayment for the "raitero" transportation debt of $1000 was never discussed. Instead, the RAMOS BROTHERS capriciously deducted amounts of money from the workers' earnings. Debt payments were not deducted weekly or regularly, and therefore, the workers' term of employment was extended indefinitely.

p. On or about April 13, 2001, two unidentified workers escaped from the RAMOS housing unit. In the wake of that escape, CW1, CW2, CW3 and CW4 surreptitiously contacted a representative of the Coalition of Immokalee Workers (CIW) in Immokalee, Florida to help them escape. A pre-arranged time and place was scheduled for their escape the following day.

q. The following day, April 14, 2001, CIW representatives drove to an area near the workers' housing unit and waited for the workers to escape. While CIW was waiting down the road, JUAN RAMOS and another unidentified Ramos brother were threatening the workers in the main housing unit in the wake of the previous nights' escape. JUAN RAMOS and an unidentified Ramos brother stormed into the housing unit, berated the workers and told them that no

9

one else was going to leave.  JUAN RAMOS then demanded the official identification documents from CW1.  CW1 told JUAN RAMOS that he had already given his papers to the "raitero."  JUAN RAMOS then told CW1 that he would be back the following day with a document in hand wherein CW1 and the other workers would agree not to leave JUAN RAMOS' employ until their transportation debt were paid.

r.   After the RAMOS BROTHERS left the housing unit, the four victims ran to the awaiting CIW vehicle.  According to the CIW representatives, the four victims were visibly shaken.  The victims ducked their heads down in the car as they left the area.

6.   Based on the foregoing, I believe the information contained herein is probable cause to believe that RAMIRO and JUAN RAMOS, aiding and abetting one another, in reckless disregard for the fact that aliens, namely CW1, CW2, CW3 and CW4, had come into the United States in violation of law, attempted to and did conceal, harbor and shield from detection the referenced aliens, in violation of Title 18, United States Code, Section 2 and Title 8, United States Code, Section 1324(a)(1)(iii).  I further believe there is probable cause to believe that RAMIRO and JUAN RAMOS, aiding and abetting each other, did knowingly and willfully hold to involuntary servitude persons, that is CW1, CW2, CW3, and CW4, for

10

a term, in violation of Title 18, United States Code, Sections 2 and 1584.

Jeffery Serna
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 15th day of May 2001.

Frank J. Lynch, Jr.
United States Magistrate Judge

11